_____ FILED    _____ ENTERED
_____ LODGED ___ ....RECEIVED

SEP 2 9 2011

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

THE HONORABLE THOMAS S. ZILLY

10-CV-01253-DECL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WASTE ACTION PROJECT, a Washington
non-profit corporation,

    Plaintiff,

v.

PSF MECHANICAL, INC., a Washington
corporation,

    Defendant.

Case No. 10-1253-TSZ

**CONSENT DECREE**

## I.    STIPULATIONS

Plaintiff Waste Action Project filed a complaint against Defendant PSF Mechanical Inc. on August 4, 2010 alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from PSF's Facility in Seattle, Washington and seeking declaratory and injunctive relief, civil penalties and attorneys fees and costs.

PSF denies any fault, wrongdoing, or liability regarding all claims and alleged violations.

Waste Action Project and PSF agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree is the most appropriate means of resolving this action.

Waste Action Project and PSF stipulate to the entry of this Consent Decree without trial,

CONSENT DECREE: 10-1253-TSZ - 1

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1   adjudication, or admission of any issues of fact or law regarding Waste Action Project's claims or

2   allegations set forth in its complaint and its sixty-day notice.

3   DATED this 2nd day of ~~July~~ August, 2011.

4   HILLIS CLARK MARTIN & PETERSON P.S.        SMITH & LOWNEY

5

6   By _____            By _____
    George A. Kresovich, WSBA #8017              Richard A. Smith, WSBA #21788

7   Amit D. Ranade, WSBA #34878               Attorneys for Plaintiff
    Attorneys for Defendant                   Waste Action Project

8   PSF Mechanical, Inc.

9   PSF MECHANICAL, INC.                      WASTE ACTION PROJECT

10

11  By _____            By _____
    Warren Beardsley                             Greg Wingard

12  Chairman                                  Title: Executive Director

13                    II.      ORDER AND DECREE

14         THIS MATTER came before the Court upon the foregoing Stipulations of the parties
                                            and the letter dated September 13, 2011, from
15  Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS,
                                                            Thomas W. Swegle,
16  ADJUDGES, and DECREES as follows:                       docket no. 13,

17         1.     This court has jurisdiction over the parties and subject matter of this action.

18         2.     Each signator for the parties certifies for that party that he or she is authorized to

19  enter into the agreements set forth below.

20         3.     This Consent Decree applies to and binds the parties and their successors and

21  assigns.

22         4.     This Consent Decree applies to the operation, oversight, or both by Defendant PSF

23  Mechanical, Inc. of its Facility at 9322 14th Avenue South, Washington (the "*Facility*").

24         5.     This Consent Decree is a full and complete settlement of the claims in the

25  complaint and all other claims known and unknown existing as of the date of entry of this

26  Consent Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387,

CONSENT DECREE: 10-1253-TSZ - 2                    HILLIS CLARK MARTIN & PETERSON P.S.
                                                   1221 Second Avenue, Suite 500
                                                   Seattle, Washington  98101-2925
                                                   Telephone: (206) 623-1745
                                                   Facsimile: (206) 623-7789

1   arising from operations of the Facility. These claims are released and dismissed with prejudice.

2   Enforcement of this decree is Waste Action Project's exclusive remedy for any violation of its

3   terms.

4         6.     This Consent Decree is a settlement of disputed facts and law. It is not an

5   admission or adjudication regarding any allegations by Waste Action Project in this case or of any

6   fact or conclusion of law related to those allegations. It is not evidence of any wrongdoing or

7   misconduct on the part of PSF.

8         7.     PSF agrees to the following terms and conditions in full and complete satisfaction

9   of the claims covered by this decree:

10        a.     PSF will comply fully with all conditions of its National Pollutant

11  Discharge Elimination System Permit No. SO30000246 (the "*NPDES permit*") and any

12  successor, modified, or replacement permit;

13        b.     Not later than June 1, 2011, PSF will submit a complete request for

14  modification of coverage per Conditions S2.B. and S8.D.4. of the NPDES permit to seek

15  Ecology approval of a waiver of and additional time for completion of PSF's Level 3

16  response and required treatment best management practices to allow PSF to address zinc

17  benchmark exceedences in the manner described by the terms of this Consent Decree. If

18  Ecology denies the waiver and request for additional time, PSF will install a water quality

19  treatment system as soon as practical after that denial.

20        c.     PSF will implement the following best management practices as soon as

21  possible and not later than June 1, 2011:

22        1)     sweep the Facility's outdoor paved ground surfaces with a vacuum

23  sweeper truck at least once a week;

24        2)     improve housekeeping practices and rain-protection structures to

25  minimize exposure of zinc-containing materials, products, wastes, and equipment

26  to rain, including wind-blown water, and runoff and run on, including during

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1    loading and unloading operations; and

2       3)      any other best management practices that PSF believes will help

3    minimize the exposure of potential sources of zinc to stormwater.

4       d.      PSF will install an air filtration system at the plasma cutter in the building

5    where production activities take place at the Facility that will eliminate venting of its

6    exhaust fan outside of that building. This will be done as soon as reasonably possible but,

7    in any case, no later than September 1, 2011.

8       e.      PSF will immediately start planning to eliminate all exposure of

9    materials, products, wastes, and equipment at the Facility with the goal of qualifying for a

10    "no exposure" exemption from NPDES permit coverage pursuant to Condition S1.F of the

11    permit and 40 CFR § 122.26(g) not later than February 28, 2012. These measures may

12    include the construction of new buildings or other structures and will include the timely

13    application for any necessary governmental permits or approvals needed to build such

14    structures. If PSF determines that it is not reasonably possible to qualify for a no exposure

15    exemption from the NPDES permit, it will install stormwater treatment systems designed

16    to reduce zinc levels in its storm water discharge below benchmark levels and will do so

17    no later than February 28, 2012.

18       f.      PSF will collect grab samples of stormwater representative of

19    Facility discharges from the location where it monitors for permit compliance on no less

20    than twelve days between June 1, 2011, and February 10, 2012.  No more than two

21    samples will be taken in any week. If there are not a sufficient number of qualifying

22    events for PSF to take twelve grab samples after the installation of the air filtration system

23    described in subparagraph 7(d) above before February 10, 2012, PSF will continue to take

24    grab samples, as provided for in this subparagraph, until it has taken twelve such samples.

25    These samples will be analyzed for zinc concentration as required by the permit.  If two or

26    more samples taken after June 1, 2011 exceed the permit's zinc concentration benchmark

CONSENT DECREE: 10-1253-TSZ - 4

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

of 117 ug/L, PSF will take one of the actions set forth below.

   1)   PSF will implement its plans to eliminate stormwater exposure, as described in subparagraph 7.d above and submit an application for "no exposure" status to the Washington State Department of Ecology by February 28, 2012. PSF will implement any Facility change or operational modification required by Ecology for approval of "no exposure" status on the most expeditious schedule practicable. If Ecology grants "no exposure" status and cancels PSF's permit coverage, PSF will maintain and operate the Facility in compliance with the conditions for "no exposure" status.

   2) If it is not practical to achieve "no exposure" status, PSF will install a stormwater treatment system designed to reduce the levels of zinc in its stormwater below benchmark standards. PSF will complete this installation by February 28, 2012.

   g.   Waste Action Project's representatives will have reasonable access to the site to inspect stormwater management practices and to assess PSF's compliance with this Consent Decree.

   h.   PSF will forward copies of all written or electronic communications between it and Ecology concerning its compliance with the NPDES permit and the Clean Water Act, including but not limited to discharge monitoring reports to Waste Action Project on or before the end of each calendar quarter. This obligation will continue through the termination date of this Consent Decree.

   8.   PSF will pay a total of $48,000 in three equal annual payments of $16,000 to the United States Treasury. The first payment is due and payable within 30 days after the entry of this Decree; the second installment is due and payable within one year of the entry of this Decree; and the third installment is due and payable within two years of the entry of this Decree. Checks shall be made to the order of the United States Treasury. Payment shall be sent to: as follows.

CONSENT DECREE: 10-1253-TSZ - 5

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

If payments are made by U.S. Mail, PSF shall address these payments to Ms. Sandra Doyle, U.S. Department of Justice-ENRD, Executive Office, Ben Franklin Station, P.O. Box 7754, Washington DC 20044-7754.  If payments are sent by overnight delivery, PSF shall send these payments to Ms. Sandra Doyle, U.S. Department of Justice-ENRD, Executive Office, 601 D Street NW, Room 2926, Washington DC 20004.

Payment shall include the following reference in a cover letter or on the check: "Consent Decree, WAP v. PSF Mechanical, Inc., W.D.Wash. Civ. Case No. 10-1253-TSZ." A copy of each check and cover letter, if any, shall be sent simultaneously to: Greg Wingard, Waste Action Project, P.O. Box 4832, Seattle, WA 98104.

9.    PSF will pay Waste Action Project's reasonable attorney and expert fees and costs in the amount of $24,952.58. Payment will be made within 30 days of the entry of this decree by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard A. Smith. This payment is full and complete satisfaction of any claims Waste Action Project may have under the Clean Water Act for fees and costs.

10.    A "force majeure event is any event outside the reasonable control of PSF that causes a delay in performing tasks required by this decree that cannot be cured by due diligence. Delay in performance of a task required by this decree caused by a force majeure event is not a failure to comply with the terms of this decree, provided that PSF notifies Waste Action Project of the event; the steps that PSF will take to perform the task; the projected time that will be needed to complete the task; and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

PSF will notify Waste Action Progress of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen days after the occurrence of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

a.    Acts of God, war, insurrection, or civil disturbance;

b.    Earthquakes, landslides, fire, floods;

c.    Actions or inactions of third parties over which defendant has no control;

CONSENT DECREE: 10-1253-TSZ - 6

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1    d.    Unusually adverse weather conditions;

2    e.    Restraint by court order or order of public authority;

3    f.    Strikes; and

4    g.    Litigation, arbitration, or mediation that causes delay.

5    11.    This court retains jurisdiction over this matter. And, while this decree remains in

6    force, this case may be reopened without filing fee so that the parties may apply to the Court for

7    any further order that may be necessary to enforce compliance with this decree or to resolve any

8    dispute regarding the terms or conditions of this decree. In the event of a dispute regarding

9    implementation of, or compliance with, this decree, the parties must first attempt to resolve the

10   dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute.

11   Such a meeting should be held as soon as practical but must be held within 30 days after notice of

12   a request for such a meeting to the other party and its counsel of record. If no resolution is

13   reached at that meeting either party may file a motion with this court to resolve the dispute.

14   12.    The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent

15   judgment can be entered in a Clean Water Act suit in which the United States is not a party prior

16   to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney

17   General and the Administrator of the U.S. EPA. Therefore, upon the signing of this Consent

18   Decree by the parties, Waste Action Project shall serve copies of it upon the Administration of the

19   U.S. EPA and the Attorney General.

20   13.    This Consent Decree takes effect upon entry by the court. It terminates five years

21   and sixty days after that date or when Ecology grants PSF's application for "no exposure" status

22   and cancels PSF's coverage under the permit. Nevertheless, Waste Action Project retains its right

23   to reasonable access to the site as provided in paragraph 7.g. of this Consent Decree for a period

24   of five years and sixty days after the date that the Consent Decree takes effect. .

25   14.    Both parties have participated in drafting this decree.

26   15.    This Consent Decree may be modified only upon the approval of the court. If

the parties subsequently propose to modify any final consent judgment entered in this case, the
parties should so notify the United States, and provide a copy of the proposed modifications,
forty-five days before the Court enters any such modifications. See 33 U.S.C. §1365(c)(3).

CONSENT DECREE: 10-1253-TSZ - 7

1    ~~16.      If for any reason the court should decline to approve this Consent Decree in the~~
2    ~~form presented, this Consent Decree is voidable at the discretion of either party. The parties~~
3    ~~agree to continue negotiations in good faith in an attempt to cure any objection raised by the court~~
4    ~~to entry of this Consent Decree.~~
5    ~~17.~~ 16.   Notifications required by this Consent Decree must be in writing. The sending
6    party may use any of the following methods of delivery: (1) personal delivery; (2) registered or
7    certified mail, in each case return receipt requested and postage prepaid; (3) a nationally
8    recognized overnight courier, with all fees prepaid; or (4) e-mail. For a notice or other
9    communication regarding this decree to be valid, it must be delivered to the receiving party at the
10   one or more addresses listed below or to any other address designated by the receiving party in a
11   notice in accordance with this paragraph 17.

12       **if to WAP:**

13       Waste Action Project
    P.O. Box 4832
14       Seattle, WA   98104
    email: gwingard@earthlink.net
15
    **and to:**
16
    Smith & Lowney P.L.L.C.
17       2317 East John St.
    Seattle, WA   98112
18       email: rasmithwa@igc.org

19       **if to PSF:**

20       PSF Mechanical
    9322 14th Avenue South
21       Seattle, WA   98106
    email: drosenfelt@psfmech.com
22
    **and to:**
23
    Hillis Clark Martin and Peterson PS
24       1221 Second Ave.; Suite 500
    Seattle, WA   98101-2925
25       email: adr@hcmp.com

26       A notice or other communication regarding this Consent Decree will be effective when

CONSENT DECREE: 10-1253-TSZ - 8

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1   received unless the notice or other communication is received after 5:00 p.m. on a business day,

2   or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the

3   next business day.  A notice or other communication will be deemed to have been received: (a) if

4   it is delivered in person or sent by registered or certified mail or by nationally recognized

5   overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the

6   receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a

7   change in address for which no notice was given, then upon that rejection, refusal, or inability to

8   deliver.

9       17.    The parties' joint motion for entry of consent decree, docket no. 12, is
        GRANTED, plaintiff's claims are DISMISSED with prejudice, and the Clerk is directed to
10      CLOSE this case.

11   DATED this ____ day of September, 2011.

12

13                                                    _____
                                                      Thomas S. Zilly
     Presented by:                                    United States District Judge

14

15   HILLIS CLARK MARTIN & PETERSON P.S.        SMITH & LOWNEY

16   By _____        By _____

17      George A. Kresovich, WSBA #8017            Richard A. Smith, WSBA #21788
        Amit D. Ranade, WSBA #34878             Attorneys for Plaintiff
18   Attorneys for Defendant                    Waste Action Project
     PSF Mechanical, Inc.

19

20

21

22

23

24

25

26

CONSENT DECREE: 10-1253-TSZ - 9                 **HILLIS CLARK MARTIN & PETERSON P.S.**
                                                1221 Second Avenue, Suite 500
                                                Seattle, Washington  98101-2925
                                                Telephone: (206) 623-1745
                                                Facsimile: (206) 623-7789